UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORNELL MCCREARY,

        Plaintiff,                Case No.2:08-cv-277

v.                                    Honorable Robert Holmes Bell

RICKY WERTANEN et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Cornell McCreary filed a *pro se* prisoner civil rights action under 42 U.S.C. § 1983 claiming that Defendants violated his rights under the First and Fourteenth Amendments by failing to protect him from harm by members of a group designated as a security threat group. Plaintiff has filed a motion for a temporary restraining order directing Defendants to transfer him to protective custody (docket #2).

A temporary restraining order is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Whether to issue a temporary restraining order is within the discretion of the district court. *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the Court must consider and balance four factors: whether (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others;

and (4) the public interest would be served by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court. *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994). A plaintiff bears the burden of persuading the court that the factors weigh in favor of granting a temporary restraining order. *Granny Goose Foods v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 432, 441 (1974). Moreover, where a prison inmate seeks an order enjoining state prison officials, the District Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). In the present case, none of the four factors weighs in favor of granting the extraordinary relief plaintiff requests.

To establish a likelihood of success on the merits, a plaintiff must show more than a mere possibility of success. *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 n.4 (6th Cir. 1977). The plaintiff must show a "strong" or " substantial" likelihood of success. *See Summit County Democratic Cent. and Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment, *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), and accordingly, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To prevail on a failure to protect claim, a plaintiff must show that the defendants were deliberately indifferent to the plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir.1990); *McGhee v. Foltz*, 852 F.2d 876, 880-881 (6th Cir.1988). Plaintiff alleges that he was assaulted by a member of the Melanics, a group designated as a security threat. Since then, he has repeatedly been threatened by certain members of this group. At this stage

of the proceeding, before Defendants have had an opportunity to respond, the record is not sufficiently developed to determine whether Defendants were deliberately indifferent to Plaintiff's alleged risk of harm. Accordingly, Plaintiff does not presently show that he would suffer irreparable injury without the restraining order. Finally, any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The interests of third parties and the public welfare, therefore, militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).

After reviewing Plaintiff's request for a temporary restraining order and the record before the Court, I conclude that Plaintiff has failed to meet the heavy burden of establishing the need for injunctive relief. I therefore recommend that Plaintiff's Motion for Temporary Restraining Order (docket #2) be denied.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 11, 2009

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).