UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORNELL McCREARY,

        Plaintiff,        FILE NO. 2:08-cv-277

v.        HON. ROBERT HOLMES BELL

RICKY WERTANEN et al.,

        Defendants.
_____/

## OPINION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion for temporary restraining order (docket #2). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny Plaintiff's motion (docket #6). The matter is before the Court on Plaintiff's objections to the R&R (docket #8). Also pending is Plaintiff's unrelated motion for preliminary injunctive relief (docket #21), which the Magistrate Judge also has recommended denying (docket #47), and to which Plaintiff has filed objections (docket #54). In addition, Plaintiff has appealed to this Court the Magistrate Judge's order (docket #81) denying Plaintiff's motions for entry of default (docket #68) and default judgment (docket #69). Finally, Plaintiff has moved to disqualify the magistrate judge (docket #92). For the reasons that follow, Plaintiff's objections are rejected, the R&Rs are adopted in their entirety as the opinions of this court, the order denying entry of default and default judgment is affirmed, and the motion to disqualify the Magistrate Judge is denied.

**I.**

A district judge may refer a dispositive matter to the Magistrate Judge for hearing and issuance of an R&R containing proposed findings of fact and a recommended outcome. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1). This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

A judge may designate a magistrate judge to hear and determine any pretrial nondispositive civil matter pending before the court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The district court will consider timely objections to the Magistrate Judge's order and may modify or set aside any part of the order that is clearly erroneous or contrary to law.

**II.**

A.   <u>Objections to R&R Denying Temporary Restraining Order</u>

Plaintiff filed a motion seeking a temporary restraining order directing Defendants to transfer him to protective custody. The Magistrate Judge recommended that the motion be denied because Plaintiff had failed to carry his burden of demonstrating that the remedy should issue. In his objections, Plaintiff essentially reargues the representations he set forth in his motion.

A temporary restraining order is "an extraordinary remedy which should be granted

only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider whether plaintiff has established (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Glover v. Johnson*, 855 F.2d 277, 282 (6th Cir. 1988); *Forry, Inc. v. Neundorfer, Inc.*, 837 F.2d 259, 262 (6th Cir. 1988). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985). Moreover, where a prison inmate seeks an order enjoining state prison officials, a district court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984).

Upon review, the Court concludes that the Magistrate Judge properly applied the law to the facts. At this stage of the proceedings, Plaintiff has not clearly demonstrated entitlement to the extraordinary remedy of preliminary injunctive relief. Accordingly, the Court will deny Plaintiff's objections (docket #8) and adopt the R&R (docket #6) of the Magistrate Judge.

B. <u>Objections to R&R Denying Preliminary Injunctive Relief</u>

Plaintiff filed a motion seeking a preliminary injunction directing Defendant Tribley to order Librarians D. Dube and J. Bouchard to comply with MDOC policy and the law and to stop impeding Plaintiff's access to the courts. In his motion, he alleges that, on March 18, 2009, he was sent the wrong law books by the law librarians, which he asserts was a clear attempt to deny his access to the courts. He also vaguely alleges that the actions were part of a pattern to retaliate against him and deny his access to the courts.

Applying the previously discussed standard for awarding preliminary injunctive relief, the Magistrate Judge concluded that Plaintiff had failed to establish a substantial likelihood of success on the merits or that he would suffer irreparable harm if the relief was not granted. Plaintiff objects to the R&R on the grounds that the decision reflects bias by the Magistrate Judge. He also claims that the Magistrate Judge erroneously stated that the deprivation occurred only once. He refers the court to his motion, in which he states that he filed four grievances, listing grievance numbers.

Plaintiff's objections are without merit. First, Plaintiff's claim that the Magistrate Judge is biased is wholly unsupported. Simply because Plaintiff disagrees with the Magistrate Judge's recommendation is not grounds for finding bias. Indeed, it is well established that in order to be disqualifying, a judge's bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)

(citing *Berger v. United States*, 255 U.S. 22, 31 (1921)); *see also Anderson v. Sheppard*, 856 F.2d 741, 751 (1988). Plaintiff has neither alleged nor provided evidence of any extrajudicial influence by the Magistrate Judge. His objection on the grounds of bias, therefore, is without merit.[1]

Further, the Magistrate Judge reasonably concluded that Plaintiff had alleged only a single incident, notwithstanding his reference to multiple grievances. Plaintiff made no attempt to describe any conduct beyond the single incident, and the Magistrate Judge would have had no way of knowing that the listed grievances cited in the motion referenced independent incidents.[2]

Moreover, even in his objections, Plaintiff does no more than vaguely claim that Law Librarians Dube and Bouchard have failed to comply with their duties and that Defendant Tribley has failed to ensure that they do. Plaintiff has wholly failed to demonstrate the sort of pattern of conduct that might support the issuance of an injunction. Further, at no time has Plaintiff alleged any prejudice to his legal claims caused by the librarians' alleged errors. Plaintiff has alleged no more than inconvenience.

---

[1] For the same reasons, Plaintiff's motion to disqualify the Magistrate Judge is meritless. Plaintiff has done no more than allege that, because the Magistrate Judge has not routinely ruled in Plaintiff's favor, he must be biased. The motion to disqualify will be denied.

[2] The Court is fully aware that MDOC Policy prohibits the filing of grievances about issues that are duplicative of those raised in another grievance. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ G(1). However, the mere fact that Plaintiff was not supposed to file duplicative grievances does not demonstrate that he did not do so.

The Court has reviewed Plaintiff's motion and objections and finds no error in the reasoning of the Magistrate Judge. The objections (docket #54) therefore will be denied and the R&R (docket #47) will be adopted.

    C.    <u>Appeal of the Magistrate Judge's Denial of the Motion for Default Judgment</u>

On May 26, 2009, Plaintiff filed a motion for entry of default (docket #68) and a motion for entry of default judgment (docket #69) against Defendant Joseph O'Leary. One day later, Defendant O'Leary filed a brief in opposition to the default and default judgment stating that, because he had formally waived service under FED. R. CIV. P. 4(d)(3), he had 60 days in which to answer or otherwise respond. His motion to dismiss, filed on May 26, 2009, was timely. Upon review, the Magistrate Judge found that, although the Defendant was a few days late in filing his responsive pleading, entry of a default was not warranted. The Magistrate Judge therefore denied Plaintiff's motions for default and default judgment.

Plaintiff objects to the Magistrate Judge's order, asserting that the Magistrate Judge lacked jurisdiction to decide the motion because entry of default should have been mandatory under FED. R. CIV. P. 55(a) and (b)(1). Plaintiff's argument is without merit. First, Plaintiff did not file either a default or a default judgment requiring simple entry by the Clerk. Instead, he filed motions seeking a default and default judgment. Motions ordinarily are solely within the Court's authority to decide. Moreover, Plaintiff did not file affidavits demonstrating that he met the requirements of either Rule 55(a) or (b)(1).

Second, even if eligible for entry of a default by the Clerk at the time he filed his motion, Plaintiff would not have been eligible for entry of a default judgment by the Clerk, inasmuch as his alleged damages were not for a sum certain as required by the rule. *See Dalmayer v. Michigan*, No. 08-12784, 2009 WL 1378322, at *2 (E.D. Mich. May 14, 2009) (citing *Kelley v. Car*, 567 F. Supp. 831, 841 (W.D. Mich. 1983) (a default admits only the factual allegations other than damages, and the amount of damages must be proved)).

Third, regardless of the adequacy of Plaintiff's affidavits, the Court does not lose authority over the merits of a default simply because a Plaintiff could have filed a default for entry by the Clerk. *See* 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2682 (3d ed. 1998) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so."). Indeed, a default, if entered by the Clerk, is subject to being vacated under FED. R. CIV. P. 55(c), and, if the matter has ripened to a default judgment, under FED. R. CIV. P. 60(b)(1). As the Sixth Circuit repeatedly has held:

> Rule 60(b) is to be applied "equitably and liberally" in considering motions to vacate defaults and default judgments, . . . and the same factors that control a motion to vacate an entry of default under Rule 55(c) are also applicable in determining whether to vacate a default judgment: (1) whether the opposing party would be prejudiced; (2) whether the proponent had a meritorious claim or defense; and (3) whether the proponent's culpable conduct led to the default.

*Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (quoting *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983)). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin*, 705 F.2d at 845.

Fourth, the entry of a default is merely a formalistic matter; it does not constitute the entry of judgment. *Arango v. Guzman Travel Advisors*, 761 F.2d 1527 (11th Cir. 1985). Before a judgment could have been issued against Defendant, Defendant had to have sufficient notice of the entry of default. Here, having received notice of the impending default, Defendant O'Leary filed a response to the motion for entry of default one day after the motion was filed, together with a motion to dismiss the complaint. The fact that the Court exercised its discretion not to enter a default rather than to vacate a default already entered could not have prejudiced Plaintiff.

Because the issuance of a default judgment is a dispositive matter, the Court has applied *de novo* review to the order of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1). Having thoroughly reviewed Plaintiff's objections, the Court finds no error in the reasoning of the Magistrate Judge. The order therefore will be affirmed. Moreover, to the extent Plaintiff seeks permission to file an interlocutory appeal to the Sixth Circuit, the Court denies certification under 28 U.S.C. § 1292(b), as an appeal would be frivolous and would not materially advance the litigation.

### III.

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections (docket ##8, 54) and adopts the Reports and Recommendations of the Magistrate Judge (docket ##6, 47) as the opinions of the Court. The Court further denies Plaintiff's appeal to the district court (docket #96) from the Magistrate Judge's order

of June 2, 2009 (docket #81). Accordingly, the Court will deny Plaintiff's motion for temporary restraining order (docket #2) and motion for preliminary injunction (docket #21), and affirms the Magistrate Judge's denial (docket #81) of Plaintiff's motions for entry of default and entry of default judgment. The Court also will deny Plaintiff's motion to disqualify the Magistrate Judge (docket #92). An Order consistent with this Opinion shall be entered.

Dated: June 29, 2009                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE