UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORNELL McCREARY,

    Plaintiff,

v.                                                               CASE NO. 2:08-cv-277

RICKY WERTANEN, et al.,               HON. ROBERT HOLMES BELL

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

This memorandum opinion and order addresses Plaintiff Cornell McCreary's motion for a preliminary injunction (Dkt. No. 67); motion for sanctions against Defendant Michael Cox and assistant attorney general Joseph Froehlich (Dkt. No. 80); motions for sanctions against Defendant Joseph O'Leary (Dkt. Nos. 86, 117, 119); motion to strike Defendants' motion for summary judgment (Dkt. No. 93); motion for court-appointed counsel (Dkt. No. 121); motions challenging the Magistrate Judge's authority (Dkt. Nos. 120, 145, 151); and motion to "stay" the report and recommendation (Dkt. No. 151).

*1) Motion for a preliminary injunction*

Plaintiff requests the Court to "bar Mike Cox and his office for being the attorney's [sic]" that oppose Plaintiff's § 1983 action on behalf of the named Defendants. Thus, his motion for a preliminary injunction is more appropriately considered a motion to disqualify opposing counsel. Plaintiff argues that the Court should disqualify Mr. Cox because Plaintiff

disagrees with one of Mr. Cox legal positions, namely that Plaintiff had to seek administrative relief from Mr. Cox and another Defendant, Steven Kutchie, before filing suit against them. Even assuming Mr. Cox's legal position is wrong, this is not a sufficient reason to disqualify him as counsel for the defense. *See, e.g., Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (6th Cir. 1991) ("While the Sixth Circuit has approved disqualification of attorneys, it appears to have done so only in cases where a conflict of interest existed.")

*2) Motion for sanctions against Defendant Michael Cox and assistant attorney general Joseph Froelich*

Plaintiff requests the Court to sanction Defendant Michael Cox and assistant attorney general Joseph Froehlich $11,000, payable to Plaintiff, under Rule 11(c) of the Federal Rules of Civil Procedure. Rule 11(c) permits the Court to impose sanctions on any party that violates Rule 11(b). Among others, Rule 11(b) imposes the requirement that Court filings contain non-frivolous arguments and are not intended to harass or delay. Plaintiff argues that Defendants' motion for summary judgment contains a frivolous argument, namely that Plaintiff had to seek administrative relief from Mr. Cox and another Defendant, Steven Kutchie, before filing suit against them. (Dkt. No. 49, at 4-14.) The Court will exercise its discretion and deny Petitioner's request for Rule 11 sanctions. There is no evidence that Defendants' motion for summary judgment violates Rule 11(b).

*3) Motions for sanctions against Defendant Joseph O'Leary*

Plaintiff also requests this Court to impose Rule 11 sanctions against Defendant Joseph O'Leary. Defendant O'Leary was served with Plaintiff's complaint on March 24,

2

2009, and executed a "Notice and Acknowledgment of Receipt of Summons and Complaint by Mail," on April 21, 2009. A party generally has twenty days from the date of the acknowledgment of receipt to respond to a complaint, although if the party agrees to waive service the response period is extended to sixty days. Fed. R. Civ. P. 4(d)(3), 12(a)(1). On May 26, 2009, Plaintiff filed a motion for default judgment on his claim against Defendant O'Leary on the ground that Defendant O'Leary had failed to respond within the required twenty-day period. (Dkt. No. 69.) In his response to Plaintiff's motion for default judgment, Defendant O'Leary indicated his erroneous belief that the "Notice and Acknowledgment of Receipt of Summons and Complaint by Mail," was actually a waiver of service, entitling him to the sixty day response period. Defendant stated that he "waived formal service of the summons of complaint on April 21, 2009" when in fact he had not. (Dkt. No. 74, at 1.) Plaintiff moves the Court to sanction Defendant O'Leary for this misstatement. However, the Court agrees with the Magistrate Judge's determination in its opinion denying Plaintiff's motion for default judgment (Dkt. No. 81) that "defendant [O'Leary] has not acted in bad faith or in an obstructionist manner." His mistake was the result of a simple misunderstanding. In its discretion, the Court declines to impose Rule 11 sanctions against Defendant O'Leary.

Plaintiff also asks the Court to impose Rule 11 sanctions against Defendant O'Leary on account of a legal position taken by Defendant O'Leary in his response to Plaintiff's "objections" to the Magistrate Judge's denial of Plaintiff's motion for a default judgment

3

(Dkt. No. 100.) Specifically, Plaintiff takes issue with Defendant O'Leary's argument that "entry of a default judgment is entrusted to the sound discretion of the trial court," and not the clerk of court, as Plaintiff argues. (*Id.* at 2.) The Court has reviewed Defendant O'Leary's argument and does not believe that it violates any of the provisions set forth in Rule 11(b). Sanctions are not appropriate.

*4) Motion to strike Defendants' motion for summary judgment*

Plaintiff requests the Court to strike the motion for summary judgment filed by Defendants on May 28, 2009. (Dkt. No. 76.) Plaintiff takes issue with Defendants' assertion that "Plaintiff admits in grievances he had filed that he is often the instigator in the incidents where he alleges that Defendants have failed to protect him. Plaintiff has established a pattern where he instigates problems with other prisoners and then complains that MDOC staff is failing to protect him. Plaintiff has an exhaustive history of being difficult to manage and that is well documented in his 117 major misconduct reports." (*Id.* at 6-7.) Plaintiff argues that these allegation and the evidence supporting them are irrelevant, unduly prejudicial, and constitute character evidence barred by Rule 404(b) of the Federal Rules of Evidence, and that Defendants' entire motion for summary judgment should be stricken from the record as a result. Plaintiff is correct to assert that the Court may only consider evidence that would be admissible at trial in ruling on a motion for summary judgment. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). However, the Court believes that evidence of Plaintiff's misconduct while in prison is neither irrelevant, unduly prejudicial, nor

4

impermissible character evidence. To prove his § 1983 claim that Defendants violated his Eight Amendment rights by failing to protect him, Plaintiff must show that Defendants were "deliberately indifferent" to Plaintiff's "serious need" for protection. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Evidence that Plaintiff has often been the aggressor in the altercations for which he claims protection should have been provided is relevant to both the issue of deliberate indifference and the issue of serious need. Since this evidence is not being used solely to prove Plaintiff's character but is probative of the elements of his § 1983 claim, it does not run afoul of Rule 404(b).

*5) Motion for Court-Appointed Counsel*

Plaintiff requests the Court to appoint counsel to assist him in the prosecution of his § 1983 claims. There is no right to counsel in prisoner civil rights cases. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). The appointment of counsel in a § 1983 action is appropriate only in exceptional circumstances. *Id.* In determining whether exceptional circumstances exist, the Court should examine the type of case and the abilities of the plaintiff to represent himself, and assess the complexity of the factual and legal issues involved. In addition, court-appointed counsel is not appropriate when the chances of the litigant's success are slim. *Id*. The Court has conducted a preliminary review of Plaintiff's claims, and does not believe the appointment of counsel is justified in this case. In addition, as evidenced by his numerous motion filings and legal arguments contained therein, Plaintiff has sufficiently demonstrated an ability to pursue his claims unassisted.
5

*6) Motions challenging the Magistrate Judge's authority*

Plaintiff has also filed a series of motions challenging the Magistrate Judge's authority. First, Plaintiff argues that the Magistrate Judge did not have authority to deny Plaintiff's request for default judgment after Defendant O'Leary failed to file an answer to Plaintiff's complaint within the required time period. (*See* Dkt. No. 81.) Plaintiff notes that Rule 55(b) directs the clerk of court to enter judgment in the amount requested "against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b). In addition, Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Citing these provisions, Plaintiff argues that he became irreversibly entitled to recover on his claim as soon as Defendant O'Leary's time period for answer expired. Plaintiff fails to consider, however, that Rule 60(b) permits the Court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60. The Court is satisfied that Defendant O'Leary missed his filing deadline on account of his mistaken belief that he had waived service of process. (*See* Dkt. No. 98.) The Court also notes that Defendant O'Leary appears to have a viable defense to Plaintiff's claims and has otherwise been diligent in pursuing them. Pursuant to Rule 60(b), the Magistrate Judge had the authority to block Plaintiff's request for default judgment.

Plaintiff also requests the Court to void the Magistrate Judge's February 10, 2010, report and recommendation. Plaintiff does not provide any law or argument to support this

request. The Magistrate Judge's authority to issue the report and recommendation derives from 28 U.S.C. § 636(b).

*7) Motion to "stay" the report and recommendation*

Plaintiff requests the Court to "stay" the Magistrate Judge's February 10, 2010, report and recommendation as Plaintiff recouperates from a recent injury. The Court will interpret this motion as a motion for an extension of time to file objections to the report and recommendation. Plaintiff will have fourteen (14) days from the entry of this order to file objections to the report and recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 67) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions against Defendant Michael Cox and assistant attorney general Joseph Froelich (Dkt. No. 80) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for sanctions against Defendant Joseph O'Leary (Dkt. Nos. 86, 117, 119) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Defendants' motion for summary judgment (Dkt. No. 93) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for court-appointed counsel (Dkt. No. 121) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions challenging the Magistrate Judge's authority (Dkt. Nos. 120, 145) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to "stay" the report and recommendation (Dkt. No. 151) is granted in part and denied in part. To the extent the motion seeks an extension of time to file objections to the report and recommendation, the motion is **GRANTED**. Plaintiff will have fourteen (14) days from the entry of this order to file objections to the February 10, 2010 report and recommendation. To the extent the motion challenges the Magistrate Judge's authority, the motion is **DENIED**.

Dated: March 4, 2010                                /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE