UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORNELL McCREARY,

    Plaintiff,

v.                                           CASE NO. 2:08-cv-277

RICKY WERTANEN, et al.,        HON. ROBERT HOLMES BELL

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on an action brought by Plaintiff Cornell McCreary pursuant to 42 U.S.C § 1983 against Defendants Ricky Wertanen, Linda Tribley, Greg McQuiggin, Lincoln Marshall, J. LeClaire, J. Larson, Mike Cox, Joseph O'Leary, Mike Healy, S. Kutchie, K. Truesdale, and M. Berry. On May 5, 2009, Defendants Tribley, McQuiggin, Kutchie, Marshall, LeClaire and Cox filed a motion to dismiss for failure to exhaust administrative remedies. (Dkt. No. 48.) On May 26, 2009, Defendant O'Leary filed a motion to dismiss. (Dkt. No. 70.) On May 28, 2009, Defendants Wertanen, Tribley, McQuiggin, Marshall, LaClaire, Larson, Cox, Healy, and Kutchie filed a motion for summary judgment. (Dkt. No. 76.) On August 25, 2009, Defendants Truesdale and Berry filed a motion for summary judgment. (Dkt. No. 133.) On February 10, 2010, Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that the Court deny in part and grant in part the May 5, 2009, motion to dismiss, grant the May

28, 2009 and August 25, 2009, motions for summary judgment, and dismiss this case in its entirety. (Dkt. No. 150.)

After the Court granted Plaintiff an extension of time to respond, Plaintiff filed objections to the R&R on March 15, 2010. (Dkt. No. 153.) In his objections Plaintiff merely states that he "presents his said motions already on the docket where he responded and objected to the Defendants' summary judgment, and uses these same statements of facts, legal arguments and case law as his objections to the magistrate's report & recommendation." (*Id.*)

This Court must review de novo those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to de novo review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (unpublished) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). The Sixth Circuit has explained:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.

2

> The duplication of time and effort wastes judicial resources
> rather than saving them, and runs contrary to the purposes of the
> Magistrates Act.

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Plaintiff asks the Court to duplicate the Magistrate Judge's work, a request that would waste judicial time and resources. The Court has reviewed the Magistrate Judge's determinations, and does not believe them to be erroneous.

The R&R does not recommend a disposition of Defendant O'Leary's motion to dismiss. Defendant O'Leary is the duly-elected prosecuting attorney for Baraga County, Michigan. Plaintiff's claim against Defendant O'Leary is based on Defendant O'Leary's failure to prosecute the other Defendants named in Plaintiff's § 1983 action for their alleged violations of federal law that gave rise to Plaintiff's § 1983 action. (Dkt. No. 12.) As Defendant O'Leary argues in his motion to dismiss, Plaintiff's claims are frivolous. Subject to a few exceptions not applicable in this case, Defendant O'Leary is entitled to discretion in deciding when to bring charges and who to bring charges against. *See Imbler v. Pachtman*, 424 U.S. 409, 422-24 (1976).

Finally, Plaintiff's motion for reconsideration of the Magistrate Judge's deficiency order (Dkt. No. 124), characterized as an appeal to the District Judge, must be denied. The provision relied on by Plaintiff to excuse his payment of filing fees, 28 U.S.C. § 1292(b), is not applicable to this proceeding because the Court has not certified any issues for interlocutory appeal. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation (Dkt. No. 153) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (Dkt. No. 150) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (Dkt. No. 48) is **DENIED** with respect to Plaintiff's claims regarding the alleged sexual assault by Defendant Kutchie and Plaintiff's claims against Defendant Cox, and **GRANTED** in all other respects.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (Dkt. Nos. 76 and 133) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant O'Leary's motion to dismiss (Dkt. No. 70) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for depositions (Dkt. No. 122) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion to deny Defendants' motion for summary judgment (Dkt. No. 148) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 124) is **DENIED**.

The Court hereby certifies that an appeal of this action would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: March 24, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE